### HILLSDALE GRAVEL CO. OF SWEET-WATER v. LOCKE et al.

#### No. 1190.

Court of Civil Appeals of Texas. Eastland.
Dec. 15, 1933.

Rehearing Denied Jan. 19, 1934.

J. McAllister Stevenson, of Sweetwater, for appellant.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellees.

LESLIE, Justice.

The Hillsdale Gravel Company of Sweetwater, Tex., a corporation, brought this suit against R. H. Locke and the Texas & Pacific Railway Company to recover damages accruing to it by reason of the effect on it of an unlawful combination in restraint of trade entered into and carried out by the defendants. The trial court sustained a general demurrer to the plaintiff's petition and it appeals, assigning such action as error.

The petition is rather long and we shall merely state the substance thereof sufficient to reflect the ruling we shall make. The plaintiff alleged that it became necessary for the defendant railway company to repair an embankment along its road; that it drew plans and specifications for the same and provided therein that the sand and gravel should be purchased by the contractor and loaded upon railway cars at some point on the line of the defendant railway company. Bids were received and a contract awarded to defendant Locke who thereupon entered into a contract in writing to furnish the material and perform the work called for by the contract. The contract as executed contained the same provision as to loading the materials upon the railway cars as specified in the plans, etc. The petition further alleged that the meaning and intent of such provision is that the contractor should not purchase materials from a producer whose pit and washing plant is not located on defendant's line of railway and to exclude from competition all such producers, in effect agreeing that such materials should not be bought from the plaintiff. In this connection, the plaintiff further alleged that it was the nearest pit and plant to the point where the work was to be done but not upon defendant's line of railway and that considering freight rates and truck hauling prices, it could have delivered such materials either to the Sweetwater yards of defendant railway company or to the point of use at the lowest price available; that the quantities required, if they had been bought from the plaintiff, would have netted him a profit of $1,000 which is sued for as damages herein. Plaintiff alleged that but for such unlawful provision in the contract, it would have made the sale and obtained the profit; that the acts of the defendants were willful and that they had full knowledge of the plaintiff's business and his right to furnish material. Exemplary damages in the sum of $3,000 was also sought.

The first and second contentions of the appellant are deemed controlling in the disposition of this appeal and they will be considered together. The first is that the foregoing agreement and the consummation thereof by the defendants constituted a "trust" in violation of article 7426, R. S. 1925; and the second challenges the legality of the same on the ground that it constituted a "conspiracy against trade" contrary to article 7428, R. S. The first contention is without merit. The first sentence of article 7426, R. S. 1925, states that: "A 'trust' is a combination of capital, skill or acts by two or more persons, firms, corporations or associations of persons, or either two or more of them for either, any or all of the following purposes."

Then follows a statement of seven different kinds of combinations for various purposes each of which is prohibited by the statute. The constituent elements of these forbidden combinations need not be noticed since it clearly appears from appellant's petition that there was no "combination" of any kind on the part of the defendants to create a trust or otherwise violate that law. Under the case presented, the interests of each defendant were different and even opposite or antagonistic. In exercising its discretion as to its own best interest in the premises, the railroad company, being in need of materials to construct a retaining wall along its line, was free to purchase the same wherever it pleased and from whomsoever it desired to make the purchase. That would merely be incident to its right of private contract and its liberty in this respect was the same as that of an individual. If in making this repair along its road, the company was able to recoup its expenditures or lessen its outlay for the work by the amount of freight gathered in from the transportation from a point on its road to the place where used, we are unable to see that such an agreement or result as that complained of would constitute a trust. The company would necessarily view the undertaking from this angle or from the view point of its own legitimate interest, whereas the defendant Locke was interested solely in obtaining the contract with the most liberal terms possible and the greatest margin of profit which necessarily would have to be paid by the defendant company. This phase of the case relieves it of any element of co-operation or combination on the part of the defendants in a common purpose on their part to injure any one, and, it repels the idea of an unlawful trust or conspiracy in restraint of trade.

No law required either of the defendants to purchase the material from the plaintiff and the contract providing that the same should be purchased by the contractor, left him free.

to purchase from whomsoever he pleased so long as he met the other provision of the contract that the same "should be loaded on the railway cars at some point on the line of railroad of the railway company." As before noted, there is nothing illegal in this latter provision. The company could have specified that the retaining wall should be constructed of Leuders marble, Burnet granite, or sand and gravel from the Colorado river. In doing so, however, the contracting parties could hardly be said to lay themselves liable in damages to all other dealers in marble, granite, and sand and gravel who were not able to furnish the particular product desired by the defendant company in the construction of the wall in question. In this there would be no clash with the law against trusts and combinations in restraint of trade. So far as the plaintiff is concerned, the defendant railway company had a right to require that the sand and gravel for the wall be purchased from a particular sand and gravel pit along its line without assigning any reason for so doing to other owners of sand and gravel pits along the line, whether they be located nearer to where the wall was to be constructed or further therefrom than the one specified to furnish the material. Hence it is not considered that the restriction of the contractor to the use of sand and gravel along its line of railroad would constitute a trust or an unlawful restraint of trade and such would certainly not be the result as applied to the facts of this case.

What has been said is pertinent to the second contention that the acts of the defendants amounted to an unlawful combination in restraint of trade, and, therefore, in violation of article 7428, R. S. 1925. That article provides:

"Either or any of the following acts shall constitute a conspiracy in restraint of trade.

"1. Where any two or more persons * * * who are engaged in buying or selling any article of merchandise * * * enter into an agreement or understanding to refuse to buy from or sell to any person * * * any article of merchandise, produce or commodity.

"2. Where any two or more persons * * * shall agree to boycott or threaten to refuse to buy from or sell to any person * * * for buying from or selling to any other person. * * *"

Obviously this statute has no application to the facts of this case. As to the first division of this article, these defendants were not "engaged in buying or selling any article of merchandise," etc., within the meaning of this statute, and, in the next place, there is no showing that they "entered into an agreement to refuse to buy any article of merchandise" from the plaintiff. As to the second division, there is no showing that the defendants undertook to boycott or threaten to refuse to buy from the plaintiff or to sell to him because he was buying from or selling sand and gravel to any other person, etc.

The appellant, in his brief, cites numerous authorities dealing with questions of trusts and combinations in restraint of trade. They are both interesting and instructive, but none of these authorities deal with cases in which the facts are in any measure analogous to those presented here. We are, therefore, left to determine the legality or illegality of the acts complained of by the language of the statutes above cited and that without regard to the intention of the parties. As explained above, we find no combination of acts on the part of the defendants resulting in an unlawful trust, nor do we find that the acts complained of constituted an unlawful conspiracy in restraint of trade. The contract and acts complained of are not susceptible to the meaning imputed to them in plaintiff's pleading.

For the reasons assigned, the judgment of the trial court is affirmed.